(Reap. Dec. 10401)

NEW YORK MERCHANDISE CO., INC., ET AL. *v.* UNITED STATES

Entry No. 29724, etc.

(Decided December 18, 1962)

*Stein & Shostak* for the plaintiffs.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following agreement and stipulation entered into between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases which is incorporated herein, consists of toys, footwear, etc., exported from Japan, and that, on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values plus f.o.b. charges set out on the invoices, but not including the buying commission.

IT IS FURTHER STIPULATED AND AGREED that as to any of the merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, which is included on the list of articles designated by the Secretary of the Treasury in T.D. 54521 as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, which is subject to appraisement under Sec. 402(a) of the Tariff Act of 1930 as amended, that there were no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

IT IS FURTHER STIPULATED AND AGREED that the footwear covered by the entries, the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, is unlike any articles manufactured or produced in the United States.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402a of the Tariff Act of 1930, as amended, to be the proper basis for the determination of the value of the merchandise here involved, and that such value in each case was the invoice unit value, plus f.o.b. charges set out on the invoice, but not including the buying commission.

Judgment will issue accordingly.